CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02405-RGK-MRW | Date | July 7, 2021 |
|---|---|---|---|
| Title | *Orlando Garcia v. Raj K. Bhakta & Urmila Bhakta* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 25]

## I. INTRODUCTION

On January 21, 2021, Orlando Garcia ("Plaintiff") filed a Complaint in Superior Court alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 and violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51 against Raj K. Bhakta and Urmila Bhakta ("Defendants").

On March 18, 2021, Defendants removed the action to federal court under 28 U.S.C. § 1441 based on federal question jurisdiction. On May 11, 2021, Plaintiff filed a First Amended Complaint ("FAC"), dropping the ADA claim and adding an additional state law claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

On May 25, 2021, Defendants filed the instant Motion to Dismiss Plaintiff's FAC. ("Motion") (ECF No. 25.) Because the operative complaint contains only state law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court therefore **DENIES** Defendants' Motion to Dismiss as moot and **REMANDS** this case to state court.

## II. FACTUAL BACKGROUND

On March 18, 2021, Plaintiff filed a Complaint in Superior Court alleging violations of the ADA and the Unruh Act. Defendants removed the case to federal court based on federal question jurisdiction. On May 11, 2021, Plaintiff dropped his ADA claim.

In his FAC, Plaintiff alleges the following:

Defendants own and operate the Super 8 by Wyndham Pasadena located in Pasadena, California. (FAC ¶ 20, ECF No. 19.) Plaintiff is a California resident who suffers from cerebral palsy. (*Id.* ¶ 1.)

UNITED STATES DISTRICT COURT  **JS - 6**
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02405-RGK-MRW | Date | July 7, 2021 |
|---|---|---|---|
| Title | *Orlando Garcia v. Raj K. Bhakta & Urmila Bhakta* | | |

Plaintiff has use of only one arm and uses a wheelchair, walker, or cane for mobility. (*Id.*) Defendants' hotel reservation website had information regarding "accessible rooms," but lacked sufficient information about the specifications of these accessibility features to allow Plaintiff to independently assess whether a given hotel room would adequately accommodate him (*Id.* ¶ 17.) This lack of information, Plaintiff alleges, constitutes a violation of the Unruh Act.

On May 25, 2021, Defendants filed the instant Motion to dismiss Plaintiff's FAC under Federal Rule of Civil Procedure 12(b)(6).

### III.  JUDICIAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal courts have jurisdiction over two types of cases: cases that "arise under" federal law under 28 U.S.C. § 1331, and diversity of citizenship cases under 28 U.S.C. § 1332(a). *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id.*

Title 28 U.S.C. § 1367 permits a federal court to exercise jurisdiction over state law claims that are so related to claims in an action within the court's "original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). A district court may, however, decline to exercise supplemental jurisdiction over a state law claim that "substantially predominates over the claim or claims over which the district court has original jurisdiction," or when "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c).

### IV.  DISCUSSION

Defendants removed this case to federal court under 28 U.S.C. § 1441. The only asserted basis for federal jurisdiction over Plaintiff's state law claims is supplemental jurisdiction under 28 U.S.C. § 1367. Upon review of the docket, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for two reasons. First, Plaintiff voluntarily dismissed the only claim that fell within the scope of the Court's original jurisdiction—his ADA claim. *See* 28 U.S.C. § 1367(c)(3). Second, Plaintiff's state law claims entirely predominate over the claim over which the Court had original jurisdiction. *Id.* § 1367(c)(2). The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims and **REMANDS** this case to the state court from which it was removed.

Defendants have moved to dismiss Plaintiff's claim under Rule 12(b)(6). Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, however, the Court **DENIES** Defendants' Motion as moot.

UNITED STATES DISTRICT COURT **JS - 6**
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02405-RGK-MRW | Date | July 7, 2021 |
|---|---|---|---|
| Title | *Orlando Garcia v. Raj K. Bhakta & Urmila Bhakta* | | |

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion and **REMANDS** this case to state court.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer